UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VALECIO JAMELL SMITH** : | **DOCKET NO. 17-cv-184** |
| B.O.P. # 26986-001 | **SECTION P** |
| | | |
| **VERSUS** : | **UNASSIGNED JUDGE** |
| | | |
| **WARDEN JOHNSON** : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Valecio Jamell Smith (Smith). Smith is an inmate in the custody of the Federal Bureau of Prisons (BOP) and he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

On May 18, 2007, Smith committed the federal offenses of carjacking and using and carrying (brandishing) a firearm during and in relation to a crime of violence. Doc. 8, p. 11. He states that on September 24, 2007, he was arrested by state authorities in Jefferson County, Alabama, for robbery. *Id.* He claims that he was sentenced in said county on November 17, 2007, to a term of imprisonment of one year and one day for a probation violation, and transferred to the Alabama Department of Corrections on December 26, 2007. *Id.*

Smith states that he was transported to the Northern District of Alabama on April 10, 2008. *Id.* This is consistent with an application for writ of *habeas corpus ad prosequendum* filed by the United States on April 7, 2008, in *United States v. Smith*, 2:08-cr-141 (N.D. Ala.), doc. 2. On June 23, 2008, Smith pleaded guilty in the United States District Court, Northern District of Alabama (Southern Division) to the crimes committed on May 18, 2007. *Smith*, 2:08-cr-141, doc. 28. He was sentenced on December 11, 2008, to a total term of 147 months of imprisonment. *Id.* at doc. 34. The judgment "was silent regarding any relation with the forthcoming action in state court." *Id.* at doc. 46. It does not appear that Smith filed an appeal.

Smith states that he was then "taken back to the State of Alabama to face charges for robbery." Doc. 8, p. 13. He was sentenced in Jefferson County, Alabama, on February 18, 2009, to a "4-year term of confinement . . . for Robbery (1st Degree)," with 94 days of credit for time served from September 24 through December 26, 2007. *Id.* at 11–12. Additionally, he maintains, the state court ordered the sentence to be served concurrently with Smith's federal sentence. *Id.* at 12. Smith then claims that he was "correctly returned to federal prison to commence his federal sentence and state sentence together." *Id.* at 13. He further claims that, although he "was in the primary custody of state authorities, and subject to the 4-year state term imposed in Jefferson County, Alabama, he was inadvertently designated and committed to a federal facility to serve the federal sentence." *Id.* at 12. He states that he was returned to the custody of state authorities on August 28, 2009. *Id.* On November 13, 2012, according to the BOP, Smith "satisfied his state obligation and was released to the federal detainer to commence the service of his federal sentence." *Smith*, 2:08-cr-141, doc. 46.

On April 29, 2014, the BOP sent a letter to Judge Coogler, the federal court sentencing judge, stating in pertinent part:

> Mr. Smith has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence. Such action would thereby reduce the total amount of time spent in custody. . . . [T]he authority to order a federal sentence concurrent or consecutive with any other sentence rests with the federal sentencing court.
>
> Such a retroactive designation is made if the federal sentencing Court indicates the federal term is to be concurrent with the state term, or if the federal sentencing Court does not state [its] intention, such designation may be completed after the review of all the factors under Title 18 U.S.C. § 3621(b).

*Id.* Accordingly, the BOP requested that the federal sentencing court state its position with respect to a retroactive designation of Smith's federal sentence. *Id.*

On May 15, 2014, Judge Coogler filed an order setting a telephone status conference regarding the BOP's request, with Smith's former attorney reappointed to represent him for the conference. *Id.* at doc. 41. Multiple conferences were held, with the last one occurring on June 24, 2014. *See id.* at docs. 41–46 and unnumbered minute entries in between. After the final conference, an order was issued the same day wherein Judge Coogler stated: "After careful review of the record, multiple telephone conferences with counsel for the defendant and counsel for the government, and as discussed during the telephone conference held on this date, the court finds that the defendant's federal sentence shall run <u>consecutively</u> to this state court sentence." *Id.* at doc. 47 (emphasis in original).

In the present suit, Smith maintains that his sentence is being improperly executed. Doc. 8, p. 6. In support, he refers to Judge Coogler's statement made at sentencing on December 11, 2008, that he was "not going to comment on whether the state sentence will be concurrent or consecutive." *Id.* at 7; *see Smith*, 2:08-cr-141, doc. 45, p. 9 (sentencing transcript). Smith maintains that the "United States District Court Judge lacked jurisdiction to order the state to run its sentence consecutive with the federal sentence." Doc. 8, p. 7. He further contends that the District Court

abused its discretion by "resentencing" him without his presence in court. *Id.* He states that "[t]he BOP has no authority to change the sentence of the State of Alabama nor does Judge Coogler." *Id.* at 17. Smith claims that the "State of Alabama made it clear . . . that Mr. Smith's four (4) year sentence was to run concurrent to the federal sentence Judge Coogler handed down." *Id.* As such, he contends that "[t]he Bureau of Prisons need not ask for Judge Coogler's order." *Id.*

As relief, Smith claims that he is "entitled to receive credit for his state sentence of four years." *Id.* Specifically, he requests that the court grant him time served for the time he "mistakenly just did for the State of Alabama." *Id.* at 8.

## II.
## LAW AND ANALYSIS

### A. *Sentencing Credit*

Smith's claim of entitlement to sentencing credit rests on the premise that he is entitled to credit on his ongoing federal sentence for time spent in state custody. In support, he relies on the state court's judgment ordering his state sentence to run consecutively with his federal sentence. He contends that the federal court basically changed the state court's judgment when it declined to run his federal sentence consecutive to his state sentence.

As previously discussed, the concurrent versus consecutive nature of his federal sentence to his state sentence has been considered and decided by the federal sentencing court. Thus, Smith's attempt herein to have another court declare that his federal sentence runs concurrently rather than consecutively to his state sentence must fail.

Further, a prisoner's request that he should receive credit for time spent in service of a state sentence prior to service of a federal sentence is viewed by the BOP as a request for retroactive *nunc pro tunc* concurrent designation pursuant to 18 U.S.C. § 3621(b). Under the BOP's *nunc pro tunc* designation procedure set forth in Program Statement 5160.05, "[w]here a federal sentence

was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *Hunter v. Tamez*, 622 F.3d 427, 429 & n. 2 (5th Cir. 2010). This issue was the basis for the BOP's April 2014 inquiry to the federal sentencing court and said court's subsequent order, which unequivocally declared that the federal sentence was to run consecutively to the state sentence. Based on this ruling, the BOP declined to make a *nunc pro tunc* designation.

Further, the calculation of credit for time served is determined by the provision of 18 U.S.C. § 3585(b), which provides in pertinent part that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

As Smith's sentences run consecutively, it follows that any time spent in service of the imposed state sentence was credited against that sentence prior to Smith's release from state custody. Thus, 18 U.S.C. § 3585(b) has no further application.

Even assuming, *arguendo*, that the BOP failed to properly credit him for time served in accordance with the judgment of the state court, he would nevertheless be without recourse. There is no support for the contention that a state court judge has the authority to apply sentencing recommendations to a federal sentence. In *Del Guzzi v. United States*, the petitioner pled guilty to a federal charge and was sentenced to a five year term. 980 F.2d 1269, 1270 (9th Cir. 1992). A week before he was required to turn himself in to federal officials, he was arrested on state charges,

pled guilty, and the state court judge sentenced him to a seven-year term that was to run concurrently with the pending five-year federal term. *Id.* The state court judge recommended that the petitioner be transported to federal prison to serve his concurrent terms, but the federal officials refused, apparently on the grounds that they would only take him after he served his state term. *Id.* He was released from his state sentence, immediately accepted into federal custody, and then informed that he would not receive credit for his state custody toward his federal sentence. *Id.* The Ninth Circuit found that the state sentencing judge had no authority to require federal officials to obey a state sentence recommendation. *Id.* The court further stated that there was "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody." *Id.* at 1271.

The Fifth Circuit similarly gives little to no weight to the recommendations of state court sentencing judges as to the manner in which federal sentences are carried out. In *Leal v. Tombone*, the state sentencing judge ordered the petitioner's five-year state sentence to run concurrently with his five-year federal sentence, to be served at a federal correctional facility. 341 F.3d 427, 427–28 (5th Cir. 2003). The petitioner sued, alleging a due process violation, when federal authorities failed to credit his federal sentence with time spent incarcerated in state prison. *Id.* at 427. Ultimately, relying in part on *Del Guzzi*, the Fifth Circuit held that the "BOP was not required to credit that time toward [the petitioner's] federal sentence." *Id.* at 430; *see also Hunter v. Tamez*, 622 F.3d 427, 430–31 (5th Cir. 2010).

### B. Presence at "Resentencing"

Finally, we turn to Smith's claim that the Northern District of Alabama erred by making this determination, and effectively resentencing him, without his presence in open court.

A petition for writ of habeas corpus under § 2241 is not a substitute for a motion under 28 U.S.C. § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  Errors that occurred before or during sentencing must be raised in a § 2255 motion, over which only the sentencing court has jurisdiction. *Id.* (citing *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997)). Therefore, to the extent that Smith challenges Judge Coogler's determination as a "resentencing" and argues that it is invalid because he (Smith) was not present, this claim is improperly brought under § 2241. A § 2241 petition may only do service for a § 2255 motion when the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective. *Pack*, 218 F.3d at 452. Smith makes no such showing, and this claim should therefore be dismissed without prejudice for lack of jurisdiction.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Smith's claim regarding execution of his sentence be **DENIED** and **DISMISSED WITH PREJUDICE**, and that his claim regarding presence at resentencing be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE